## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **IN THE MATTER OF** | : | |
| BRUNILDA ROENA RODRIGUEZ, | : | CASE NO. 06-04904(SEK) |
|     DEBTOR | : | CHAPTER 13 |

----------------------------------

| | | |
|---|---|---|
| JUANA CRUZ PAYAN, | : | CASE NO. 07-02336(SEK) |
| | | |
|     DEBTOR | : | CHAPTER 13 |

----------------------------------



FILED & ENTERED

2 7 MAY 2008

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

### OPINION AND ORDER

The P.R. Department of Treasury ("Treasury"), filed proofs of claims, each for a $10,000 priority tax claim due to Debtors' failure to register as merchants as required by 13 Laws of P.R. Ann. § 2801 (a), ("the tax Code"). 11 U.S.C. §§ 507 (a)(8) & 1305.  Debtors or the Chapter 13 Trustee objected to Treasury's claims, for all or some of the following reasons.

1) The $10,000.00 fine is a penalty, not a tax entitled to priority.

2) As the penalty is punitive in nature, it should be subordinated pursuant to Code § 726(a)(4).

3) Debtors do not owe the penalty as they are not merchants or vendors.

4) Treasury violated Debtors' rights of procedural due process by not informing them of their right to appeal its determination.  Debtors also aver that "fixed penalties, as the one imposed in this case, even if they have a superficial claim to being equitable, might become unfair and unjust in its application".

The parties agreed on the limited facts before us, and submitted their briefs enabling us to adjudicate without the need

for an evidentiary hearing.

## DISCUSSION

A. We begin by addressing the common grounds for objection to Treasury's claim; whether the $10,000.00 claim is entitled to priority status under the Code.

Objectors argue the penalty resulting from Debtor's failure to register is punitive in nature, it is not a tax, and it is not related to a tax.  Thus, the claim is not entitled to priority, and should be allowed as a general unsecured claim.  Treasury agrees.  However, it then claims the penalty is imposed pursuant to its policing and regulatory powers. Consequently, this type of penalty is entitled to be paid as a priority.

"[A] tax is a pecuniary burden laid upon individuals or property for the purpose of supporting the Government", *New Jersey v. Anderson* 203 U.S. 483, 492; 27 S. Ct. 137,140(1906); while "a penalty, ..., is an exaction imposed by statute as punishment for an unlawful act," *U.S. v. La Franca* 282 U.S. 568 572; 51 S. Ct. 278, 281(1931).  "[I]f the concept of penalty means anything, it means punishment for an unlawful act or omission." *U. S. v. Reorganized CF & I Fabricators* 518 U.S. 213, 224; 116 S.Ct. 2106, 2113 (1996).



In these cases Treasury imposed the penalty for Debtors' omission; their failure to register in the Registry of Merchants, as required by law.[1]  It was not imposed to help in the support

---

[1] Section 2801 of P.R.'s Internal Revenue Code states:
Any person who wishes to engage in business in Puerto Rico as a merchant must file with the Secretary an

of the government. Thus, the fine is a penalty, not a tax; and the claim is not entitled to priority pursuant to 11 U.S.C. § 507(8).

Furthermore, Treasury's allegations show the claims are not for post petition taxes[2] or consumer debts[3]. Therefore, these cannot be considered claims pursuant to 11 U.S.C. § 1305.

Treasury next claims entitlement to priority based on a new theory first raised in its reply, relying on *Cumberland Farms v. Florida Dep't of Envtl. Protection*, 116 F.3d 16 (1st Cir. 1997) and 11 U.S.C. § 507(a)(2). Now it argues the $10,000.00 penalty

---

application for certification in the registry for merchants for every commercial establishment, indicating the names of the persons with an interest in said business and their residences, the address of the main office of the business and any location where sales are carried out as well as any other information the Secretary require.
13 Laws of P.R. Ann. § 9096
"Any merchant who does not register as required under §9096(a) of this title shall be subject to a penalty of ten thousand (10,000) dollars." 13 Laws of P.R. Ann. § 8106.

[2] Section 1305(a) states:
A proof of claim may be filed by any entity that holds a claim against the debtor—
1) for taxes that become payable to a governmental unit while the case is pending, or
2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.
11 U.S.C. § 1305(a)

[3] Consumer debts "means debt incurred by an individual primarily for a personal, family, or household purpose". 11 U.S.C. § 101(8).

3

is a post petition claim because "debtor[s], after the filing of [their] bankruptcy petitions, continue to operate [their] businesses in contravention of section 2801 of P.R.'s Internal Revenue Code, 13 Laws of P.R. Ann. § 9096."

We deny the new theory as *Cumberland* is distinguishable from the matter at hand, and Treasury has not met its burden of proof.

In *Cumberland,* a Chapter 11 case, the Florida Department of Environmental Protection brought an application in the bankruptcy court for an allowance of an administrative expense in the amount of $200,000.00 due to debtor's failure to follow Florida laws and regulations covering the maintenance of petroleum underground storage tanks. It is important to note that "Florida law provides for the imposition of a civil penalty of up to $10,000.00 per offense *for each day of violation for each violation* of Florida laws and FDEP regulations". *Cumberland* 116 F. 3d at 19 (Our emphasis). The Court of Appeals for the First Circuit, affirming the courts below, ruled that "the payment of a fine for failing, *during bankruptcy*, to meet the requirements of Florida environmental protection laws is a cost 'ordinarily incident to operation of a business' in light of today's extensive environmental regulations". *Cumberland* 116 F. 3d at 20 (Our emphasis). In that case, even if the violations began prior to the filing of the petition, the court calculated the number of days the debtor remained violating the environmental laws after the petition for bankruptcy was filed in order to determine the penalty.



Here, the petitions were filed under Chapter 13. Treasury did not filed a request for allowance of the $10,000 file as an administrative expense. Treasury has not met its initial burden of showing when the penalty was assessed in each of the cases. Unlike the situation in Cumberland, here the penalty is only imposed once. There is no information of whether some, all, or none of the debtors registered, and if they did register, when that happened. "The traditional presumption favoring ratable distribution among all holders of unsecured claims counsels strict construction of the Bankruptcy Code provisions governing requests for priority payment of administrative expenses. (Citations omitted)  The burden of proving entitlement to priority payment as an administrative expense therefore rests with the party requesting it."  *In re Hemingway Transport, Inc.* 954 F.2d 1,5 (1st Cir. 1992) (Citations omitted).  Thus, we find that Treasury, has not met its burden of proving the $10,000.00 penalty should be allowed as an administrative expense.

B. Treasury's second argument concerns the non dischargeability of the penalty under pursuant to 11 U.S.C. 523(a)(7).[4]



---

[4] Section 523 (a)(7) states:
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
       . . . .
       (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty-
           (A) relating to a tax of a kind not

As we said earlier all these are Chapter 13 cases. "The provisions of Chapters 1,3,and 5 of the Code apply generally to a case filed under Chapter 7, 11, or 13. 11 U.S.C. § 103(a). In determining the effect of discharge in a Chapter 13 case the provisions of that Chapter take precedence over the general provisions of Chapters 1, 3, and 5 of the Code. 11 U.S.C. § 103(b)." *In re Young* 10 B.R. 17,18 ( Bankr. Cal. 1980). "Congress secured a broader discharge for debtors under Chapter 13 than Chapter 7 by extending to Chapter 13 proceedings some, but not all, of § 523(a)'s exceptions to discharge. ... Among those exceptions that Congress chose *not* to extend to Chapter 13 proceedings is § 523 (a)'s exception for debts arising from a 'fine, penalty, or forfeiture'." *Pennsylvania Department of Public Welfare v. Davenport* 495 U.S. 552,563, 110 S. Ct. 2126, 2133 (1990). Thus, § 523(a)(7) invoked by Treasury is not applicable to these cases.

WHEREFORE, we grant the objections in question allowing Treasury's claims as unsecured general claims.

SO ORDERED, in San Juan, Puerto Rico, on May 27, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge

specified in paragraph (1) of this
subsection, or
        (B) imposed with respect to a transaction or event
that occurred before three years before the date
of the filing of the petition